IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITY OF PLATTEVILLE,

        Plaintiff,        ORDER

  v.       10-mc-19-bbc

DARREL KALLEMBACH,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITY OF PLATTEVILLE,

        Plaintiff,       ORDER

  v.       10-mc-20-bbc

DARREL KALLEMBACH,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In an order dated July 1, 2010, I remanded to state court the state ordinance violation cases plaintiff sought to remove in case no. 10-cv-307-bbc. I noted that plaintiff had repeatedly filed barely intelligible, frivolous attempts at removal in this court and sanctioned him by directing the clerk of court to not docket any similar new filings unless, after

1

reviewing any such filing, I determined that it did not suffer from the same problems as plaintiff's other numerous filings. Now plaintiff has filed two more attempts at removal, which have been erroneously opened as new actions (perhaps because plaintiff submitted $350 with each of the filings).

In addition, plaintiff has moved for my recusal under 28 U.S.C. § 455(b)(1), stating that I have "biased Prejudgment(s) before any disputed evidentiary facts presentments for the district court." As with plaintiff's other filings, it is difficult to decipher what plaintiff means, but under § 455(b)(1), a judge must recuse herself if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Nothing in my previous rulings in plaintiff's cases suggests bias or that I have knowledge of disputed facts in the proceedings. Accordingly, I will deny plaintiff's motions for recusal.

As for the substance of his two new proposed notices of removal, they suffer from the same defects as his previous filings—they are borderline unintelligible, but from what I can make out, plaintiff continues to attempt to remove state ordinance violation cases without providing any legitimate explanation why his cases qualify for removal, as is required under U.S.C. § 1441(a). It should be noted that plaintiff's previous failure to pay the filing fees upfront for his actions was *not* one of the reasons I rejected his previous notices of removal. The fact that plaintiff has submitted filing fees along with his two new notices does not fix

the problems discussed above. Pursuant to my previous order, these cases should not have been opened, but rather forwarded to me to determine whether they were legitimate notices of removal that could be opened as new cases. Because these new submissions suffer from the same problems as plaintiff's other numerous filings and should not have been opened, any cases he is trying to remove will be remanded, and I will direct the clerk of court to refund plaintiff the $350 filing fees for each of these cases.

As I have stated previously, the court will not devote more resources to dealing with plaintiff's frivolous attempts at removal. Plaintiff's submissions remain subject to the terms of the July 1, 2010 order, and I urge him not to file further notices of removal from his state ordinance violation cases. He is encouraged to seek out a lawyer to discuss how to proceed with his cases in state court. Should plaintiff continue to waste judicial time by submitting frivolous notices of removal in this court, I will have to consider further sanctions against him.

ORDER

IT IS ORDERED that

1. To the extent that plaintiff Darrel Kallembach's submissions in this action refer to any cases that are or were pending in the Circuit Court for Grant County, Wisconsin, those cases are summarily remanded under 28 U.S.C. § 1446(c)(4).

3

2. Plaintiff's motions for recusal are DENIED.

3. Plaintiff remains restricted from filing future proposed notices of removal, as explained above.

4. The clerk of court is directed to refund plaintiff's filing fees for these two cases.

Entered this 6th day of October, 2010.

                BY THE COURT:

                /s/
                BARBARA B. CRABB
                District Judge